UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| SUSAN DUPLANTIS LOPEZ | *CIVIL ACTION NO. 09-0250 |
|---|---|
| VS. | *JUDGE DOHERTY |
| ERNEST BILLIOT, ET AL. | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the court are the Motions to Strike Penalty, Punitive or Exemplary Damages [rec. docs. 7 and 17] filed by The Town of Delcambre, and Mayor Carol Broussard and Chief James Broussard, in their individual and official capacities, and Officer Ernest Billiot ("Billiot"), in his official capacity.[1] By these Motions, these defendants seek to strike plaintiff's claims for punitive damages. Plaintiff, Susan Duplantis Lopez, ("Lopez"), has filed Opposition. The Motions have been referred to the undersigned for report and recommendation. [rec. docs. 13 and 19].

For the following reasons, it is recommended that the Motion to Strike filed by the Town, Mayor Broussard and the Chief Broussard [rec. doc. 7] be **GRANTED in part and DENIED in part**, and that the Motion to Strike filed by Officer Billiot [rec. doc. 17] be **GRANTED**, and accordingly, plaintiff's claims for punitive damages against the Town, and Mayor Broussard, Chief Broussard and Officer Billiot, in their official

---

[1] Officer Billiot does not move to strike the claim for punitive damages against him in his individual capacity. However, that claim is nevertheless discussed below.

capacities, should be **Stricken,** and plaintiff's claims for punitive damages against Chief Broussard, Mayor Broussard and Officer Billiot, in their individual capacities, should remain pending.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiff, Susan Duplantis Lopez. In her Complaint, plaintiff names Officer Ernest Billiot (individually and in his official capacity), Mayor Carol Broussard (individually and in her official capacity), Chief of Police James Broussard (individually and in his official capacity) and the Town of Delcambre. Plaintiff alleges that she was unlawfully searched and sexually battered by Officer Billiot in the restroom of the Delcambre Police Department following a traffic stop. Plaintiff asserts claims pursuant to 42 U.S.C. § § 1983, 1985, and 1986 and claims under the Louisiana state law. Plaintiff does not specify the damages she seeks against each named defendant, but rather prays generally for an award including an award for punitive damages. [Prayer for Relief, ¶ m and III].

With respect to Chief Broussard, plaintiff alleges that following the incident, she made a 911 call to the Chief informing him of the alleged illegal sexual search and misconduct by Officer Billiot, but that Billiot was neither released from his position nor reprimanded until after the Louisiana State Police conducted an investigation resulting in the criminal indictment of Billiot. [¶ 18, 19, 43]. She further alleges that Chief Broussard failed to properly train Billiot and that there existed a widespread practice of

2

custom by the Chief, by which he condoned and permitted, which allowed Billiot to violate plaintiff's constitutional rights, and further that Chief Broussard had actual and/or constructive knowledge of the custom such that it could be attributable to the Town. [¶ 40, 41]. Moreover, she asserts that Chief Broussard knew or reasonably should have known, prior to the sexual battery committed on plaintiff that such activity "regularly took place at the hands of . . . Billiot." [¶ 43].

The sole allegation against Mayor Broussard is that she and the Town are vested "with the responsibility and authority to hire, train, supervise, set policies and procedures . . . to provide protection to the citizens of Delcambre, Louisiana, including [plaintiff] . . . while traveling through its city limits." [¶ 23].

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 178 (5th Cir. 2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir.1962).

"A disputed question of fact cannot be decided on motion to strike." *Id*. Moreover, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id*. Under such circumstances, it is proper for courts to leave the sufficiency of the allegations for determination on the merits. *Id*.

All of the defendants contend that plaintiff's demand for punitive damages against them in their official capacities should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in Section 1983 actions. The Mayor and Chief also assert that because plaintiff does not allege they had personal involvement in the alleged constitutional deprivation, and were merely acting in the discharge of their official duties for the Delcambre Police Department, allowing punitive damages against them would be tantamount to allowing punitive damages against the Town of Delcambre.

Plaintiff responds that in her Complaint, she alleges that she reported Billiot's actions to the Town of Delcabre "public officers or officials" yet received no response until after Louisiana State officials launched an investigation. Thus, she asserts that whether the Mayor or the Chief acted personally or individually is a question for the court or jury to decide.

The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*,

453 U.S. 247, 270-71 (1981). Thus, any allegations seeking recovery of punitive damages against the Town of Delcambre should be stricken from the pleadings as a matter of law.

The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985). Plaintiff is barred from recovering punitive damages against an official acting in his official capacity. Accordingly, plaintiff cannot recover such punitive damages against Chief Broussard, Officer Billiot or Mayor Broussard in their official capacities, and the defendants' motion should be granted in that respect.

The Supreme Court has recognized, however, that punitive damages are recoverable against municipal employees when sued in their individual capacities. *See Smith v. Wade*, 461 U.S. 30, 35 (1983). Plaintiff's Complaint alleges that Officer Billiot acted personally to violate the civil rights of plaintiff when he allegedly unlawfully searched and sexually battered her. Read liberally, plaintiff's Complaint also alleges personal involvement by Chief Broussard in the alleged constitutional violation or by way of his participation in an alleged conspiracy to violate plaintiff's constitutional rights, by concealing and failing to act on the allegations lodged by plaintiff against Billiot, despite having personal knowledge of the incident via plaintiff's 911 call received by him. While these allegations may not survive an appropriate dispositive Motion, given that the action of striking a pleading is a drastic remedy which should be sparingly used by the courts

and resorted to only when required for the purposes of justice, the defendants' Motion to Strike should be denied as to plaintiff's claims for punitive damages against both Officer Billiot and Chief Broussard, in their individual capacities.

It also appears that there are insufficient allegations against Mayor Broussard to support a finding of personal or individual involvement necessary to support a claim for punitive damages against her. It is not alleged that the Mayor had any personal knowledge of the incident, or that she acted in any way outside her duties as Mayor in connection with the incident sued upon herein. To the contrary, the sole allegation against the Mayor relates to her general mayoral responsibilities, namely to hire, train supervise and adopt and implement policies and procedures to protect citizens. As such, under the allegations presently before this court, it appears that to allow an award of punitive damages against the Mayor would be tantamount to allowing such an award against the Town of Delcambre, contrary to the Supreme Court's reasoning in *Newport* and *Graham*.

Nevertheless, the defendants have not filed a Motion challenging the sufficiency of the plaintiff's allegation. Instead they ask this court to make a factual and substantial legal determination as to plaintiff's right to recovery on a Motion to Strike. Under the appropriate standard, such determinations are not properly made in deciding a motion to strike. As such, the defendants' Motion should be denied as to plaintiff's claim for

punitive damages against Mayor Broussard, in her individual capacity, leaving the sufficiency of plaintiff's allegations for determination on the merits.

To the extent that plaintiff seeks an award of punitive damages on her claims asserted under Louisiana state law, the defendants' Motion to Strike should be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. The court is unaware of any such Louisiana state law. Accordingly, the Court should strike plaintiff's claims for punitive damages under her state law claims.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in chambers at Lafayette, Louisiana, this 12th day of May, 2009.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE